UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ADRIAN HOLLIS, # 264050, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-580 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| SCOTT HOLMES, M.D., et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff is an inmate at the Carson City Correctional Facility (DRF). He alleges that Scott Holmes, M.D., and Kent Filsinger, P.A., violated his Eighth Amendment rights by providing him with honey packs for his insulin-dependent diabetes rather than a snack bag, and that on January 14, 2014, he had to be taken to a hospital for treatment of low blood sugar and cramping. Plaintiff seeks damages and an injunction compelling defendants to provide him with a snack bag.

The matter is now before the court on defendants' motion for summary judgment. (ECF No. 15). For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that judgment be entered in their favor on all plaintiff's claims.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 432 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may

not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Burniac*, 810 F.3d at 433. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections. He is currently an inmate at the Carson City Correctional Facility (DRF).

Dr. Holmes is a licensed physician. (Holmes Decl. ¶ 2, ECF No. 15-2, PageID.71). He is the medical director at DRF and has been a physician at the facility since May 2011. (*Id.* at ¶ 3, PageID.72). Kent Filsinger is a physician's assistant. He is currently a physician's assistant at the G. Robert Cotton Correctional Facility (JCF). He has been a physician's assistant since 2002, and he worked at DRF during the period at issue. (Filsinger Decl. ¶¶ 3-4, PageID.77).

Insulin-dependent diabetics at DRF are provided with honey packets that they are permitted to keep with them and eat in the event of a hypoglycemic episode. Inmates may obtain these packets from the prison clinic. (Holmes Decl. at ¶ 11, Page

ID.73). Some other prisons provide insulin-dependent diabetics with snack bags rather than honey packets. Plaintiff is an insulin-dependent diabetic and he had received snack bags at another prison before he was transferred to DRF in September 2012. (Holmes Decl. ¶¶ 7-13, PageID.72-73; Plf. Aff. ¶ 1, ECF No. 19, PageID.200). On October 26, 2012, Physician's Assistant Filsinger informed plaintiff that he would be receiving honey packets at DRF rather than a snack bag. If plaintiff continually needed food in the evening after dinner, then his insulin medication would be adjusted. (Filsinger Decl. ¶ 14, PageID.78-79; Holmes Decl. ¶ 14, PageID.73-74). Plaintiff did not continually need food to prevent his blood sugar from dropping too low. When plaintiff did experience an episode of low blood sugar it was addressed through honey packets or some other small amount of food provided by medical staff. In addition, plaintiff was seen by medical professionals on a regular basis as part of the chronic care for his diabetes. Plaintiff received blood sugar tests twice per day. His A1C levels were monitored, and is medically necessary, his insulin amounts and oral medications were adjusted to stabilize his blood sugar levels. (Holmes Decl. ¶¶ 15-16, PageID.74; Filsinger Decl. ¶¶ 15-16, PageID.79; ECF No. 17-1, PageID.90- 141, 155-88).

On the evening of January 11, 2014, plaintiff was taken to DRF's medical department in response to his complaints of chest pain. Upon examination, plaintiff revealed that he did not really have chest pain, but that he had very bad leg cramping. The absence of a snack bag was not the cause of plaintiff's discomfort. He had been playing basketball for about two hours. He was treated with intravenous fluids and given Kool-Aid to drink. He was also provided with honey packets because his blood

sugar was low. He was transported outside the prison for further evaluation at Carson City Hospital. Plaintiff disclosed to emergency room physicians that he had been playing basketball for 2 hours earlier in the evening. He was diagnosed with mild dehydration and was treated with IV fluids. Plaintiff experienced a low blood sugar episode while he was being treated. He was provided with some food which resolved the issue. Plaintiff was released from the hospital and returned to prison the next morning. (Holmes Decl. ¶¶ 17-19, PageID.74-75; Filsinger Decl. ¶¶ 17-19, PageID.79-80; ECF No. 17-1, PageID.142-54).

On May 29, 2014, plaintiff filed this lawsuit.

## Discussion

Plaintiff alleges that defendants violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendants. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted); *see Smith v. Erie County Sheriff's Dep't*, 603 F.3d 414, 421-22 (6th Cir. 2015). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal

courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.' ") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550)).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against defendants. He has not presented any medical evidence that a snack bag is a medically required form of treatment, much less that it would be tantamount to criminal recklessness for defendants to treat his insulin-dependent diabetes mellitus through adjustments in the amount of insulin he receives and to provide honey packets to address hypoglycemic episodes. The record shows that defendants treated plaintiff's condition on an ongoing basis and displayed no deliberate indifference. The medical record shows that plaintiff received virtually constant medical attention, at a level exceeding that available to most free citizens. Plaintiff's claims that defendants "should have" provided him with "different" medical care are at best, state-law malpractice claims. Plaintiff's disagreement with defendants' treatment falls far short of supporting an Eighth Amendment claim. *See e.g., Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006).

## Recommended Disposition

For the foregoing reasons, I recommend that defendants' motion for summary judgment (ECF No. 15) be granted and that judgment be entered in their favor on all plaintiff's claims.

Dated:   March 1, 2016            /s/  Phillip J. Green
                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).