UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN HOLLIS, #264050,                )
     Plaintiff,                       )
                           )          No. 1:14-cv-580
-v-                                    )
                           )          HONORABLE PAUL L. MALONEY
SCOTT HOLMES, M.D. ET AL.,             )
     Defendants.                      )
_____)

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Adrian Hollis, a prisoner under the control of the Michigan Department of Corrections, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The complaint alleges that Scott Holmes, M.D., and Kent Filsinger, P.A., medical professionals assigned to his care, have violated (and continue to violate) Hollis's rights under the Eighth Amendment's prohibition of cruel and unusual punishment by providing Hollis with honey packets rather than snack bags to treat his insulin-dependent diabetes.

## I.    STATEMENT OF FACTS

The following facts are beyond genuine issue, as reported by the Magistrate Judge. Plaintiff is an inmate in the custody of the Michigan Department of Corrections. He is currently an inmate at the Carson City Correctional Facility (DRF).

Dr. Holmes is a licensed physician. (Holmes Decl. ¶ 2, ECF No. 15-2, PageID.71.) He is the medical director at DRF and has been a physician at the facility since May 2011. (*Id.* at ¶ 3, PageID.72.) Kent Filsinger is a physician's assistant. He is currently a physician's assistant at the G. Robert Cotton Correctional Facility (JCF). He has been a physician's assistant since 2002, and he worked at DRF during the period at issue. (Filsinger Decl. ¶¶ 3-4, PageID.77.)

Insulin-dependent diabetics at DRF are provided with honey packets that they are permitted to keep with them and eat in the event of a hypoglycemic episode.

Inmates may obtain these packets from the prison clinic. (Holmes Decl. at ¶ 11, PageID.73.) Some other prisons provide insulin-dependent diabetics with snack bags rather than honey packets. Plaintiff is an insulin-dependent diabetic and he had received snack bags at another prison before he was transferred to DRF in September 2012. (Holmes Decl. ¶¶ 7-13, PageID.72-73; Plf. Aff. ¶ 1, ECF No. 19, PageID.200.) On October 26, 2012, Physician's Assistant Filsinger informed plaintiff that he would be receiving honey packets at DRF rather than a snack bag. If plaintiff continually needed food in the evening after dinner, then his insulin medication would be adjusted. (Filsinger Decl. ¶ 14, PageID.78-79; Holmes Decl. ¶ 14, PageID.73-74.) Plaintiff did not continually need food to prevent his blood sugar from dropping too low. When plaintiff did experience an episode of low blood sugar it was addressed through honey packets or some other small amount of food provided by medical staff. In addition, plaintiff was seen by medical professionals on a regular basis as part of the chronic care for his diabetes. Plaintiff received blood sugar tests twice per day. His A1C levels were monitored, and is medically necessary, his insulin amounts and oral medications were adjusted to stabilize his blood sugar levels. (Holmes Decl. ¶¶ 15-16, PageID.74; Filsinger Decl. ¶¶ 15-16, PageID.79; ECF No. 17-1, PageID.90- 141, 155-88.)

On the evening of January 11, 2014, plaintiff was taken to DRF's medical department in response to his complaints of chest pain. Upon examination, plaintiff revealed that he did not really have chest pain, but that he had very bad leg cramping. The absence of a snack bag was not the cause of plaintiff's discomfort. He had been playing basketball for about two hours. He was treated with intravenous fluids and given Kool-Aid to drink. He was also provided with

honey packets because his blood sugar was low. He was transported outside the prison for further evaluation at Carson City Hospital. Plaintiff disclosed to emergency room physicians that he had been playing basketball for 2 hours earlier in the evening. He was diagnosed with mild dehydration and was treated with IV fluids. Plaintiff experienced a low blood sugar episode while he was being treated. He was provided with some food which resolved the issue. Plaintiff was released from the hospital and returned to prison the next morning. (Holmes Decl. ¶¶ 17-19 , PageID.74-75; Filsinger Decl. ¶¶ 17-19, PageID.79-80; ECF No. 17-1, PageID.142-54.)

On May 29, 2014, Holmes filed this lawsuit.

## II.   PROCEDURAL HISTORY

Defendants filed a motion for summary judgment, arguing that they were not deliberately indifferent to Hollis's medical needs. (ECF No. 15.) Hollis filed a response. (ECF No. 18.) Defendants filed a reply. (ECF No. 21.)

The Magistrate Judge issued a Report and Recommendation (R&R) concerning the motion for summary judgment on March 1, 2016, which recommended that the motion be granted because the record did not reflect sufficient evidence to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against the Defendants. (ECF No. 30 at PageID.249.) Also on March 1, the Magistrate Judge issued an order denying Plaintiff's motion to appoint counsel and motion to expand the record, and denying Defendants' motion to seal. (ECF No. 29.)

Hollis filed an objection, taking issue with the Magistrate Judge's nondispositive order and Report and Recommendation. (*See* ECF No. 31.)

Thus, this matter is before the Court on two related issues: first, the Magistrate Judge's non-dispositive denial of Hollis's other motions; and second, the Magistrate Judge's Report and Recommendation and the subsequent objection (without particularity) filed by Hollis.

## III. LEGAL FRAMEWORK

There are two applicable standards of review here.

A magistrate judge's order on a non-dispositive motion, such as a motion to appoint counsel, may only be modified or set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

With respect to a dispositive motions, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IV.   **ANALYSIS**

Plaintiff advances four objections, but the first three essentially relate to the Magistrate Judge's non-dispositive order denying Plaintiff's motion to expand the record and to appoint counsel. (ECF No. 31 at PageID.254–58.) The fourth, and to an extent part of the first, deals with the Report and Recommendation.

### A.  *Non-Dispositive Order Denying Counsel and Additional Discovery*

A non-dispositive order can only be modified or set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

In both civil rights and habeas cases, prisoners have a right to meaningful access to the courts. *John L. v. Adams*, 969 F.2d 228, 232 (6th Cir. 1992). However, "appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal citations omitted).

In retrospect, even if Plaintiff's claims were not "frivolous," "his chances [were] extremely slim," and ultimately, his claims lack any merit. *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). In such cases, "[a]ppointment of counsel . . . is not appropriate." *See id.* Plaintiff cites to various case law concerning pleadings standards, and how those standards are lower for pro se complaints. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). However, this motion is one for summary judgment; to survive at this stage, even a pro se litigant must present "'evidence on which a jury could reasonably find for the [non-movant],'" that is, more than "[a] mere scintilla." *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Plaintiff has failed to do so, and the Magistrate Judge's order was not contrary to law.

Plaintiff next argues that he is entitled to "expand the record" by garnering additional discovery under Fed. R. Civ. P. 26(b)(1). However, as the Magistrate Judge noted, "his motion to compel fails on a number of levels." (ECF No. 29 at PageID.238.) The motion was procedurally deficient and in any event, not timely. (*See id.*) The Magistrate Judge's order was not contrary to law.

Accordingly, Plaintiff's objections to the non-dispositive order are **OVERRULED** and the appeal of that order are **DENIED**.

### B. Report and Recommendation

The Report and Recommendation succinctly laid out the following:

> Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against defendants. He has not presented any medical evidence that a snack bag is a medically required form of treatment, much less that it would be tantamount to criminal recklessness for defendants to treat his insulin-dependent diabetes mellitus through adjustments in the amount of insulin he receives and to provide honey packets to address hypoglycemic episodes. The record shows that defendants treated plaintiff's condition on an ongoing basis and displayed no deliberate indifference. The medical record shows that plaintiff received virtually constant medical attention, at a level exceeding that available to most free citizens. Plaintiff's claims that defendants "should have" provided him with "different" medical care are at best, state-law malpractice claims. Plaintiff's disagreement with defendants' treatment falls far short of supporting an Eighth Amendment claim. *See e.g., Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006).

(ECF No. 30 at PageID.249.)

Plaintiff actually seems to concede all of the facts that the Magistrate Judge laid out. (*See, e.g.,* ECF No. 31 at PageID.260 ("Plaintiff outlines these facts in the magistrates (sic) R&R, because they support his claim.").) Thus, Plaintiff chiefly takes issue with how the Magistrate Judge *weighed* the facts. As an initial matter, the Court will note that his arguments are identical

6

to those the Magistrate Judge already considered, and his objections arguably do not "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Plaintiff's objections, largely in conclusory form, state that the facts support a finding of deliberate indifference.

Regardless, it's clear that the Magistrate Judge's conclusions were spot on, and that this case is a far cry from deliberate indifference. The fact that Plaintiff disagrees with his current medical professionals does not rise to the level of a constitutional violation; and the same goes for the fact that those medical professionals used a different form of treatment from physicians at Plaintiff's prior facility. "Plaintiff's claims that defendants '*should have*' provided him with '*different*' medical care are at best, state-law malpractice claims. Plaintiff's disagreement with defendants' treatment falls far short of supporting an Eighth Amendment claim." (ECF No. 30 at PageID.249 (emphasis added)): *see, e.g., Kosloski v. Dunlap*, 346 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 256 (6th Cir. 2006).

Indeed, the record shows the opposite of deliberate indifference: Defendants have "treated [Plaintiff's] condition on an ongoing basis," and provided him with insulin adjustments and honey packets to address hypoglycemic episodes. (ECF No. 30 at PageID.249.)

Snack bags, however tantalizing, are not a medically required form of treatment; and honey packets, sufficiently sweet, do not give rise to a constitutional claim tantamount to criminal recklessness. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows

of and disregards an excessive risk to inmate health or safety."); *see also, e.g., Reed v.* Speck, 508 F. App'x 415, 419 (6th Cir. 2012) (quoting *Dominguez*, 555 F.3d at 550) ("The subjective component is intended to 'prevent the constitutionalization of medical malpractice claims.'").

To survive at this stage, even a pro se litigant must present "'evidence on which a jury could reasonably find for the [non-movant],'" that is, more than "[a] mere scintilla." *Dominguez*, 555 F.3d at 549 (quoting *Anderson*, 477 U.S. at 252. Plaintiff has failed to do so.

Thus, Plaintiff's objections are **OVERRULED**.

## ORDER

Plaintiff's appeals are **DENIED** and his objections are **OVERRULED**. (ECF No. 31.) The Report and Recommendation addressing Defendants' motion for summary judgment is **ADOPTED** as the opinion of this Court. (ECF No. 30.)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court **GRANTS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**.

**JUDGMENT** in favor of Defendants will follow.

**IT IS SO ORDERED**.

Date:   March 17, 2016          /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge